UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, # 255623, | ) C/A No. 4:10-1897-MBS-TER |
| Plaintiff, | ) |
| vs. | ) |
| A. Padula, Warden;<br>James Dean, Major;<br>Ms. L. Johnson, Grievance Clerk;<br>Capt. Johnson;<br>Jon Ozmint, Dir.;<br>David M. Tatarsky, General Counsel;<br>C.O. Montgomery, | )<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>) |
| Defendants. | ) |

The Plaintiff, James G. Blakely (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as Defendants.[2]

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

§ 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Background

Plaintiff alleges that, on July 7, 2010, he was "falsely charged with threatening to inflict harm upon a Correctional Officer." *See* Complaint, page 1. Plaintiff was "placed on PHD and ha[s] been confined to his cell now going on two weeks without medical treatment, without law library, without showers, without physical recreation or any form of exercise." *Id.* at 2. Plaintiff further claims that the South Carolina Department of Corrections' (SCDC) has a policy which requires an inmate to be formally charged with an institutional offense within nine (9) calendar days "or the

2

charges must be dropped." *Id.* At the time the complaint was written, Plaintiff was "four days over his confinement by SCDC's policy." *Id.*

Plaintiff claims the Defendants' actions are in retaliation for Plaintiff filing multiple civil actions against them. *Id.* Plaintiff also alleges that his segregated confinement is "an attempt to make plaintiff miss his court deadline" in a Fourth Circuit Court of Appeals case. *Id.* Plaintiff states that he has "back problems, diabetic; high blood pression [sic], arthritis and kidney infection which is not presently being treated and Plaintiff is in pain and suffering." *Id.* at 3. Plaintiff believes the Defendants are denying him medical care in an effort to "indirectly murder Plaintiff and claim it came from Plaintiff's kidney infection or diabetic coma. *Id.* at 6. Thus, Plaintiff claims his life is in danger. *Id.* Plaintiff claims that he has filed grievances since his segregated confinement began, however, the administration "hinder[s] Plaintiff's grievance[s] by thinking of any erroneous and absurd reason not to process" the grievance forms. *Id.* at 5. Plaintiff seeks injunctive relief in the form of medical treatment and separation from the Defendants. *Id.* at 8.

## Discussion

This complaint is subject to summary dismissal for Plaintiff's failure to administratively exhaust his claim regarding denial of medical treatment through the prison's grievance system. The instant complaint alleges that Plaintiff was falsely accused of an institutional offense and placed in segregated confinement on July 7, 2010. Plaintiff claims that he has been denied proper medical care since that time. As Plaintiff's complaint was signed on July 20, 2010, it is clear from the face of the complaint that Plaintiff filed this case prematurely, before he fully exhausted the South Carolina Department of Corrections (SCDC) administrative remedy process.

3

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, *Jones v. Bock,* 549 U.S. 199 (2007), and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005). *See also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

While the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'", *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d at 725. *See also Hill v. Haynes*, No. 08-7244 2010 WL 2182477 (4th Cir. June 2, 2010)(finding genuine issue of material fact concerning exhaustion of administrative remedies where prison

4

employees failed to provide prisoner with grievance forms, failed to enter prisoner's grievances into the system or destroyed them, or failed to respond to forms that were submitted). In the present action, Plaintiff claims his attempts at administrative exhaustion have been hindered by the Defendants. As evidence of this fact, Plaintiff attaches to his complaint three "Step 1" grievance forms submitted on July 8, 2010, regarding the allegedly false charge filed against Plaintiff on July 7, 2010. Plaintiff also attaches two grievance forms, submitted on July 12, 2010, regarding Plaintiff being unable to pick up a pair of tennis shoes, and Plaintiff being unable to visit the law library or secure copies of legal documents. All but one of Plaintiff's grievances were returned to him, with no action taken.[3] However, it is clear from Plaintiff's exhibits that he has been provided with Step 1 grievance forms, and that the forms have been processed and responded to in a timely manner. Thus, Plaintiff's own pleadings indicate that he has not been prevented from availing himself of the prison's grievance system, rather, he has presented grievances that have been rendered deficient in some regard. Further, Plaintiff provides no information in the complaint, or attachments thereto, to indicate that he has even attempted to file a grievance regarding his alleged denial of medical care in segregated confinement, which is the issue that allows this case to proceed *in forma pauperis* despite Plaintiff's multiple "strikes."

---

[3] Plaintiff was informed that two of his grievances concerning the alleged false charges were non-grievable due to Plaintiff being involved in an incident resulting in a disciplinary. Plaintiff is further informed in the grievances that, once the disciplinary process is complete, he may submit a grievance if he feels "that there were technical/procedural errors regarding your hearing." *See* Docket Entry No. 1, Exhibit No. 4. Plaintiff's grievances concerning his tennis shoes and law library access were returned due to an insufficient attempt at informal resolution. One of Plaintiff's grievances, discussing harassment by the officer who allegedly falsified Plaintiff's institutional charges, was forwarded to the Division of Investigations for review.

Under provisions of the 2009 version of the inmate grievance policy, an SCDC inmate must wait one hundred twenty-five (125) days from presenting his Step 1 written grievance to the prison to file a complaint in federal court.[4] This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. After the full 125 days have passed with no response to a grievance, a South Carolina prisoner will have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *e.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). In this case, Plaintiff states that he has been denied medical care, due process, and court access since July 7, 2010. Assuming Plaintiff files grievances regarding each of these

---

[4] The SCDC policy time limits are summarized as follows: After unsuccessful attempts at informal resolution of the problem(s), **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen days of the alleged incident; **(2)** the grievance must then be entered into SCDC's automated system within ten working days, and the Institutional Inmate Grievance Coordinator (IGC) notified; **(3)** the IGC must then, within ten working days, finalize the grievance in the system and attempt to informally resolve the issue, prior to submission to the Warden; **(4)** the Warden should respond to the inmate in writing within forty days of the Warden's receipt of the Step 1 grievance and then the IGC has five working days to provide the Step 1 response to the inmate; **(5)** the inmate may then appeal the Warden's response by completing a Form 10-5a (Step 2 Appeal) and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; **(6)** the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal and the Branch has another five "calendar days" to get the Step 2 appeal to the responsible SCDC official (the Division Director of Operations) for a response; **(7)** the Division Director of Operations then has sixty days from the day the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, **(8)** the IGC has five days to serve the inmate with the Step 2 response. SCDC Policy/Procedure GA-01.12, at §§ 11; 13.1-13.6 (Sept. 1, 2009). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.* The maximum time that the full grievance process is supposed to take, even if an allowable 90-days extension is granted, is 215 days. The inmate will be notified in writing by the IGC if an extension is granted for a response at either step. *Id*. The regular time limits do not apply in emergency situations or where criminal activity is alleged in the grievance and it is necessary to refer the matter to the South Carolina Law Enforcement Division for investigation.

matters, Plaintiff's grievances are considered pending until approximately 125 days have passed. As it is clear from the face of Plaintiff's complaint that he could not have exhausted his administrative remedies in the thirteen (13) days that passed between his placement in segregated confinement and the signing of this complaint, this action should be summarily dismissed *without prejudice*.[5]

### Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

September 15, 2010
Florence, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] Additionally, it is noted that Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g): See Civil Action No's: 0:98-0885;. 0:98-1085;. 0:98-1221; 4:98-2252; 0:98-2313; 0:98-2468; 0:98-2875; 0:98-2978; and 4:00-0967. See also Case Action No.'s: 4:04-22975; 4:06-3521; and 4:09-cv-01448-MBS (cases dismissed under three strikes rule).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).