**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| James G. Blakely, #255623, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 4:10-cv-01897-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| A. Padula, Warden, ) | |
| James Dean, Major, ) | |
| Ms. L. Johnson, Grievance Clerk, ) | |
| Capt. Johnson, ) | |
| Jon Ozmint, Dir., ) | |
| David M. Tatarsky, General Counsel, ) | |
| C.O. Montgomery, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. # 11] recommending that Plaintiff James G. Blakely's Complaint [Doc. # 1] be dismissed without prejudice and without service of process. Plaintiff is proceeding *pro se* and filed this lawsuit under 42 U.S.C. § 1983. The Magistrate Judge filed his Report and Recommendation [Doc. # 11] on September 15, 2010 and recommended that Plaintiff's Complaint be summarily dismissed for Plaintiff's failure to administratively exhaust his claim regarding denial of medical treatment through the South Carolina Department of Corrections's ("SCDC") grievance system. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**STANDARD OF REVIEW**

1

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff alleges that he was falsely accused of an institutional offense and placed in segregated confinement on July 7, 2010. [Doc. # 1, at 1]. Plaintiff claims that he has been denied proper medical care since that time. [Doc. # 1, at 2].

After receiving the Magistrate Judge's Report and Recommendation on the pending motions, Plaintiff timely filed objections. [Doc. # 13]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or

2

merely restate his claims. However, the court was able to discern specific objections to portions of the Magistrate Judge's Report and Recommendation. [Doc. # 13]. In his first objection, Plaintiff seems to argue that the court has erroneously added, from his Complaint in *Blakely v. Wards, Regional Director, et al*, 4:10-cv-00718-RMG-TER, the six defendants listed in the instant Complaint's caption other than Defendant Padula and the causes of action from that case. He argues that these "additions" have created confusion with regard to his medical treatment claim. [Doc. # 13, at 2]. The court notes that Plaintiff listed in the caption of his instant Complaint not only Defendant Padula but the six additional defendants referred to in his objection. Therefore, this objection is overruled.

Next, Plaintiff seems to object that, contrary to the Magistrate Judge's conclusion, his Complaint is consistent with the Prison Litigation Reform Act's ("PLRA") requirements because his Complaint alleges that there was an immediate danger to his life. 42 U.S.C. 1997e (2010); [Doc. # 13, at 4]. He also objects by arguing that, under the PLRA, there is no required exhaustion of state remedies in emergencies and that exhaustion only applies to non life-threatening situations. [Doc. # 13, at 4]. Plaintiff then lists the varied medications, along with their respective dosages, that have been prescribed to him. [Doc. # 13, at 4-5]. He asks, "[w]hy is Petitioner drugged up to such an extreme?" [Doc. # 13, at 5]. He continues: "Petitioner is taking '5900 mg' per day for pain and suffering. This is more medication than a cancer patient takes for pain." [Doc. # 13, at 5]. Plaintiff argues that these medications in "such large amount[s]" can damage his kidneys and liver. [Doc. # 13, at 5].

Despite Plaintiff's objections, the court adopts the Magistrate Judge's finding that Plaintiff's Complaint is subject to summary dismissal for failure to exhaust his administrative remedies.

According to the Magistrate Judge, "the 2009 version of the inmate grievance policy [requires that] an SCDC inmate must wait one hundred twenty-five (125) days from presenting a written grievance to the prison to file a complaint in federal court." [Doc. # 11, at 6]. As the Magistrate Judge noted, Plaintiff availed himself of the SCDC's grievance process but for some reason failed to provide information in the complaint or in its attachments to indicate that he attempted to file a grievance regarding the alleged denial of medical care while in segregated confinement. [Doc. # 11, at 5]. Nevertheless, Plaintiff alleges that on July 7, 2010, he was placed in segregated confinement for his alleged offence, and since that time he has allegedly been denied proper medical care. However, Plaintiff's Complaint indicates that he signed it on July 20, 2010, and the record indicates that the Complaint was filed on July 26 2010; therefore, Plaintiff's Complaint is premature because one-hundred and twenty-five days (125) had not elapsed between the date of the alleged offense and the date on which Plaintiff signed or filed his Complaint. Thus, before turning to this court for relief, Plaintiff must exhaust his administrative remedies.

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 11] and summarily **DISMISSES** Plaintiff's Complaint [Doc. # 1] without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

s/J. Michelle Childs
United States District Judge

January 10, 2011
Greenville, South Carolina